# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CV 23-30-H-BMM-KLD |
| **Plaintiff,** | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE** |
| **REAL PROPERTY LOCATED IN LEWIS AND CLARK COUNTY,** | |
| **Defendant.** | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorneys, John M. Newman, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

FINDINGS OF FACT

1. On May 8, 2023, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint for Forfeiture *In Rem* against the defendant real property located in Lewis and Clark County, as described in Doc. 1, to forfeit said real property under 18 U.S.C. § 981(a)(1)(A) and (C), and 21 U.S.C. § 881(7), as property involved in a transaction, or attempted transaction, in violation of Section 1956, or any property traceable to said property, and/or facilitating violations of an offense which constitutes a "specified unlawful activity", as defined in 18 U.S.C. § 1956(c)(7), the definition of which incorporates any act or activity listed under 18 U.S.C. § 1961(1), which includes felony crimes related to the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, and is property which constitutes or is derived from proceeds traceable to such violations. (Doc. 1).

2. On May 15, 2023, DEA Task Force Officer, Chad Anderberg, posted copies of the notice and the complaint, on the doors of the real property commonly known as 2036 Winnie Ave., Helena, Montana 59601, in accordance with 18 U.S.C. § 985(c)(1)(B). (Doc. 3).

3. A Notice of Lis Pendens was filed with the Clerk and Recorder of Lewis

and Clark County on May 18, 2023, under document number 3411298. (Doc. 4).

4. On May 15, 2023, the United States provided "actual notice" of this civil forfeiture action, by mailing the notice (Doc. 2) and the complaint (Doc. 1) to potential claimant, Gordon Barraugh, via first class U.S. mail and certified mail, to the address provided by law enforcement. (See Doc. 10, Ex. 1-2).

5. Notice of this forfeiture action was also provided to known and any unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on May 18, 2023, and ending on June 16, 2023. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (May 18, 2023) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .   (Dec. of Publication, Doc. 5, Att. 1).

6. Upon considering the United States' motion for entry of default of known potential claimant, Gordon Barraugh, and any unknown potential claimants, (Doc. 9) and declaration filed in support of the motion (Doc. 10), the Clerk of U.S. District Court entered the defaults of Gordon Barraugh, and any unknown potential claimants, on August 8, 2023, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules.   (Doc. 11).

7. The factual allegations set forth in paragraphs 4 through 23 of the Verified Complaint for Forfeiture *In Rem* are verified by Drug Enforcement Administration Task Force Officer, Chad Anderberg. (Doc. 1)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

8. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the defendant real property under 18 U.S.C. §§ 981(a)(1)(A) and (C), 984, and 985, and 21 U.S.C.§ 881(a)(7), as property involved in a transaction, or attempted transaction, in violation of § 1956, or any property traceable to said property, and/or facilitating violations of an offense which constitutes a "specified unlawful activity", as defined in 18 U.S.C. § 1956(c)(7), the definition of which incorporates any act or activity listed under 18 U.S.C. § 1961(1), which includes felony crimes related to the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, and is property which constitutes or is derived from proceeds traceable to such violations.

9. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is

proper in this district because this is a civil proceeding to forfeit United States real property found in this district, and the acts or omissions complained of occurred in this district.

10. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

11. The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to post the defendant real property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violations of 21 U.S.C. § 841(a)(1) *et seq.*, and subject to forfeiture under 21 U.S.C. § 881(7) and 18 U.S.C. § 981(a)(1)(A) and (C).

12. The totality of circumstances as set forth in the Verified Complaint *In Rem*, demonstrates that there is a substantial connection that the defendant real property was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, et seq., and is proceeds traceable or derived from

proceeds traceable to a violation of an offense constituting a specified unlawful activity.

13. Notice of this action was properly provided to known potential claimant, Gordon Barraugh, by providing "actual notice" by mailing the Verified Complaint *In Rem*, and "constructive notice" by publication in accordance with Supplemental Rule G(4)(b)(v) and 18 U.S.C. § 985 (c)(2)(A).

14. Notice by publication was also provided to known and any unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of U.S. District Court properly entered the defaults of Gordon Barraugh, and any unknown potential claimants. (Doc. 11).

16. Pursuant to Fed. R. Civ. P. 55(b)(2) the United States is entitled to a judgment of default against the defendant real property described in the Verified Complaint for Forfeiture *In Rem* (Doc. 1), as to any claims to the defendant real property.

17. The United States is further entitled to an order of forfeiture of the defendant real property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted judgment against the defendant real property described in the Verified Complaint for Forfeiture *In Rem* (Doc. 1), and

against any person asserting a claim to, or interest in, the defendant real property.

2. The defendant real property is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 15th day of August, 2023.

_____
Brian Morris, Chief District Judge
United States District Court